UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELISA FONTANELLI, as Next Friend of JUAN MARTIN BERNAL GARCIA,

                Petitioner,

-against-

LADEON FRANCIS, New York Field Office Director for U.S. Immigration and Customs Enforcement; PAUL ARTETA, Director of the Orange County Correctional Facility; ANNA C. LITTLE, Acting Chief Immigration Judge, Executive Office of Immigration Review; SIRCE E. OWEN, Acting Director, Executive Office of Immigration Review; PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of Homeland Security, and TODD M. LYONS; Acting Director, U.S. Immigration and Customs Enforcement,

                Respondents.

Case No. 1:25-cv-07715 (JLR)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

      WHEREAS Petitioner Juan Martin Bernal Garcia, through his next friend Elisa Fontanelli, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 16, 2025, while Petitioner was present in the Southern District of New York, Pet. ¶ 4; Dkt. 10;

      WHEREAS the Court issued an Order to Show Cause on September 17, 2025 that restrained Respondents from transferring Petitioner out of the Southern District of New York, Dkt. 3 ¶ 4;

      WHEREAS the Government informed the Court on September 21, 2025 that Petitioner had been moved to New Jersey on September 16, 2025, prior to the issuance of the Court's Order to Show Cause, Dkt. 10;

1

WHEREAS notwithstanding the Court's September 17, 2025 Order directing that Petitioner remain in the Southern District of New York, on September 20, 2025, the Government represents that Petitioner was not returned to the Southern District of New York but instead was transferred again to the Port Isabel Service Processing Center in Los Fresnos, Texas, Dkt. 10;

WHEREAS, the Government informed the Court on September 21, 2025, that Petitioner will be transferred again to the Florence Service Processing Center in Florence, Arizona "in the next day or two," Dkt. 10;

WHEREAS the Court has not received an update as to the present location of Petitioner and anticipated *pro bono* counsel has not been able to determine his location or speak with him despite diligent efforts, Dkt. 13;

WHEREAS this Court has jurisdiction over the adjudication of Petitioner's habeas petition that was filed in this district at the time Petitioner was detained in this district, *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025) ("a prisoner's transfer after a petition is filed does not deprive a court that would otherwise have jurisdiction of the ability to adjudicate his petition") (relying on *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004));

WHEREAS the Petitioner's next friend who filed this Petition informed the Government that Petitioner was told that he would be deported on September 21, 2025, but the Government represented that "there are no such plans to remove Petitioner" because "he does not have a final order of removal." Dkt 10;

WHEREAS the Court will later address the continued transfer of Petitioner outside of the Southern District of New York even after the Court issued its September 17, 2025 Order and whether he should be returned to the Southern District of New York, *see, e.g. Ozturk v. Hyde*, 136 F.4th 382, 402-03 (2d Cir. 2025), which will assuredly be the subject of additional

briefing in the context of the Order to Show Cause Hearing scheduled for September 29, 2025;

IT IS HEREBY ORDERED THAT, in light of the conflicting information regarding the timing of the potential deportation of Petitioner and the series of transfers of Petitioner despite the Court's Order, and in order to preserve the Court's jurisdiction pending a ruling on the Order to Show Cause, and consistent with the Court's prior Order, Petitioner shall not be removed from the United States until the Court adjudicates the present Petition, *see Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, 'the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction.'") (alteration in original)); *see also Kuprashvili v. Flanagan*, 25-cv-05268 (PAE), 2025 WL 2382059, at *1 (S.D.N.Y. June 30, 2025) (enjoining government from removing habeas petitioner from United States pending ruling on petition); *G.F.F. and J.G.O. v. Trump, et al.*, 25-cv-02886 (AKH), 2025 WL 1063414, at *1 (S.D.N.Y. Apr. 8, 2025) (ordering similar); *M.K. v. Joyce*, 25-cv-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (ordering similar).

Dated: September 23, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge